**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAHSAAN BRANDON DARDEN** | | **CIVIL ACTION** |
| **VERSUS** | | **NUMBER:   18-4204** |
| **INFINITY INSURANCE COMPANY** | | **SECTION:   "S" (3)** |

**REPORT AND RECOMMENDATION**

Considering the Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> <u>[Doc. #3]</u>,

**IT IS ORDERED that:**

**X**  the motion is GRANTED; the party is entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

☐  the motion is MOOT; the party was previously granted pauper status.

☐  the motion is DENIED; the party has sufficient funds to pay the filing fee.

☐  the motion is DENIED; the party is not entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u> for the listed reasons:

_____

_____

_____

**The Clerk of Court is directed to withhold summons.**

*Pro se* plaintiff Rahsaan Brandon Darden filed the above-captioned matter in this Court. While the complaint is far from clear or lucid, it appears that Darden seeks to remove a civil action to this Court from the Jefferson County Courthouse located in Birmingham, Alabama.   While the notice of removal – as it is entitled – is entirely deficient given that Darden has failed to include

1

any state court records with the notice or his response to the clerk's office, *see* 28 U.S.C. § 1447(b); E.D, La. Loc. R. 3.2, marking Darden's notice as deficient and allowing him to attempt to cure it would be an exercise in futility. Darden is a frequent filer in federal court – as demonstrated by the plethora of cases listed on the national Pacer website – and allowing him to continue here would be an ineffectual use of this Court's limited resources.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.   Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).   In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).   However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.   On its face, plaintiff's complaint fails to meet the requirements of the statute.   There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the*

---

[1]     *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

*claims do not lack merit on their face.*[2]

28 U.S.C. § 1446(a) provides:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Not only is Darden not a defendant here – although he attempts to title himself as such on his motion to proceed *in forma pauperis* – but the statute is clear: Darden can not remove a lawsuit from a state court in Alabama to a federal court in Louisiana. He may only do so to the federal court in the district in which the state suit is pending, and this is not that court.   Accordingly,

**IT IS RECOMMENDED** that the complaint of Rahsaan Brandon Darden be DISMISSED WITHOUT PREJUDICE for improper removal and improper venue.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

[2]    *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

New Orleans, Louisiana, this 9th day of May, 2018.

**UNITED STATES MAGISTRATE JUDGE**